## Rachel Isaacs, Appellant, *v.* Mutual Reserve Fund Life Association.

*Insurance—Contract—Breach of contract—Discretion of directors.*

In an action by a policy holder against a mutual insurance company to recover dues, premiums and assessments for which the company is alleged to be liable because it had issued a new form of policy providing for a new class of risks to be paid out of the reserve fund, thereby violating the contract of insurance, an affidavit of defense is sufficient which alleges that plaintiff's statement does not set out the entire transaction with the defendant, in this, that the copy of application for insurance which had been attached to plaintiff's certificate and which was part of the contract was not attached to the copy of the certificate filed with the statement, and, further, that the constitution or by-laws gave the directors full power and discretion to make said change in the contract.

Argued Jan. 18, 1899.    Appeal, No. 341, Jan. T., 1898, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1898, No. 449, discharging rule for judgment for want of a sufficient affidavit of defense.    Before Sterrett, C. J., Green, McCollum, Mitchell and Fell, JJ.    Affirmed.

Assumpsit for an alleged breach of a contract of insurance.

From the record it appeared that the defendant was a mutual insurance company.    Plaintiff's statement set forth a policy for $5,000 taken out September 15, 1891.    The application for the policy was not included in the statement.    Plaintiff averred that one of the express conditions of the policy was that twenty-five per cent of the mortuary premium paid during the period of fifteen years from its date should be added to the reserve fund and invested for the exclusive benefit of the members of the association; that the defendant, in violation of this stipulation, issued a new form of policy providing for the payment of "disability claims, and pledging the reserve fund and other assets of the association for that purpose."

The affidavit of defense was as follows:

Defendant admits that it has issued to plaintiff its certificate of membership, No. 108,362.    There was attached to said certificate at the time of the issuance thereof, in accordance with the laws of the state of Pennsylvania, a copy of the application therefor.    Such copy is not attached to said exhibit "B," and the plaintiff has therefore not set out the whole of her contract with the defendant.    By said application it was, inter alia, provided as follows:

"It is hereby warranted by the applicant that the answer and statement in this application, parts 1 and 2, whether written by his own hand or not, are full, complete and true, and it is agreed that this warranty shall form the basis and shall be part of the contract between the undersigned and the Mutual Reserve Fund Life Association, and are offered to said association, as a consideration of contract applied for, and the constitution or by-laws of said association, with the amendments made or that may hereafter be made thereto, together with this application, are hereby made part of any certificate or policy that may be issued on this application."

Defendant was at the time of the issuance of said certificate

of membership and still is a corporation of the state of New York, incorporated under a certificate of reincorporation issued to it under the provisions of chapter 175 of the laws of New York of 1883, entitled "An act to provide for the incorporation and regulation of co-operative or assessment life and casualty insurance associations or societies."

By the constitution or by-laws of the defendant, a copy of which was attached to the certificate of membership issued to the plaintiff, and made a part thereof by virtue of the agreement contained in the application therefor, hereinbefore quoted, it was provided:

"The board of directors shall have authority to fix and determine the amount of benefits for which certificates of membership will be issued, rates of assessments, admission fees and annual dues; and to adopt such other rules and regulations as they may deem best for the interest of the association; and shall have the authority to adopt and execute, in addition to the mode in this constitution or by-laws provided for, such other or additional plans and systems of participation in benefits of membership, and of the holding, division and legal investment of reserve fund and accumulations in conformity with the laws of the state of New York, and of the use thereof for the benefit of members, from time to time, as the board of directors may deem expedient and for the best interests of the association."

The defendant is advised by counsel, and therefore avers that under the statute aforesaid the certificate of reincorporation and the constitution or by-laws of the defendant, it had the right to divide its members into classes, and to issue such other or additional forms of certificates of membership as to the board of directors should seem proper. By resolutions duly adopted on January 29, 1896, by the board of directors, the form of certificate of membership was authorized. In pursuance thereof, from time to time since the date of the passage of said resolutions, certificates of membership have been issued in said form. Said form of certificate of membership is in conformity with the laws of the state of New York, and for the benefit of the members of the defendant association. Defendant denies that the issuance of certificates of membership in said form is violative of any provision in the certificate of membership issued by the defendant to the plaintiff. Defendant could at any time,

under the provisions of the various forms of certificate of membership issued by it, have compromised or settled its liability upon any terms which seemed to it expedient, with any members of defendant's association. Defendant, in the clauses in the said certificate of membership providing for the payment of disability claims, merely stipulated that it would terminate its liability upon said certificate of membership upon the terms therein set out. Said provision is for the advantage of the defendant and of the continuing members of its association. The action of defendant, therefore, in issuing its certificates of membership in the form complained of by the plaintiff, is not only lawful but expedient and beneficial to the plaintiff. Plaintiff has, therefore, no ground of complaint against defendant, and is not entitled to the return to her of the dues, fees and mortuary assessments by her paid. Defendant therefore owes the plaintiff nothing at the present time.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*I. Hazleton Mirkil*, with him *F. Carroll Brewster*, for appellant.—The policy is not the foundation of this action. It is merely evidence to show the transaction: Life Ins. Co. v. McAden, 109 Pa. 399.

Under the plain construction of article XI. sec. 8 of the defendant's by-laws, the defendant had no authority to issue the new form of policy, which the appellant alleges is a breach of the defendant's contract with her: Bacon on Life Ins. sec. 187; Legion of Honor v. Smith, 45 N. J. Eq. 466; Indemnity Association v. Hunt, 127 Ill. 259; Ins. Co. v. Connor, 17 Pa. 136; People v. Life Union, 31 N. Y. Supp. 1120; Weiler v. Aid Union, 36 N. Y. Supp. 734; Loan and Trust Co. v. Aberle, 46 N. Y. Supp. (Sup. Ct.) 10; Kent v. Mining Co., 78 N. Y. 159; Life Ins. Co. v. McAden, 109 Pa. 399.

*John G. Johnson*, for appellee.—Under the procedure act the appellant was not entitled to judgment, because of her failure to file a copy of her contract: Lee v. Cooper, 8 Pa. C. C. R. 481; Fehl's Executrix v. Phœnix Mut. L. Ins. Co., 14 Pa. C. C. R. 183; Acme Mfg. Co. v. Reed, 181 Pa. 382.

Even if the appellee had no right to insert in its policies of life insurance a provision allowing it to cancel the same in case of permanent disability upon payment of one half the amount, the true measure of damages was not a return of the premiums paid: People v. Security Life Ins. & Annuity Co., 78 N. Y. 114; McKee v. Ins. Co., 28 Mo. 383; N. Y. Life Ins. Co. v. Statham, 93 U. S. 24; Smith v. St. Louis Mut. Life Ins. Co., 2 Tenn. Ch. 727; Lovell v. St. Louis Mut. Life Ins. Co., 111 U. S. 264; 2 Sedgwick on Damages, sec. 730; Marshall v. Fire Ins. Co., 176 Pa. 628; Nashville Life Ins. Co. v. Mathews, 8 Lea (Tenn.), 499; Crawford v. Ætna Life Ins. Co., 5 Cent. L. J. 100, and note; Universal Life Ins. Co. v. Binford, 76 Va. 103; Smith v. Charter Oak Life Ins. Co., 64 Missouri, 330; McDonnell v. Alabama Gold Life Ins. Co., 85 Ala. 401.

The appellee had a right to insert in its policies of life insurance a provision allowing it to cancel the same in case of permanent disability, upon payment of one half the amount.

PER CURIAM, January 30, 1899:

The learned court below was clearly right in refusing to enter judgment against the defendant in this case for want of a sufficient affidavit of defense. Much valuable time is frequently lost in taking appeals in cases similar to this. Unless the court below is clearly wrong, it is much better to forthwith proceed to trial therein.

Appeal dismissed, at appellant's costs, without prejudice, etc.